[Cite as *State v. Ireland*, 2016-Ohio-1421.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-12 |
| | : | |
| v. | : | T.C. NO. 13CR26 |
| | : | |
| BRANDON W. IRELAND | : | (Criminal appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___1st___ day of _____April_____, 2016.

. . . . . . . . . . .

JANE A. NAPIER, Atty, Reg. No. 0061426, Assistant Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

S. TODD BRECOUNT, Atty. Reg. No. 0065276, 115 N. Main Street, Urbana, Ohio 43078
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

**{¶ 1}** Defendant-appellant Brandon W. Ireland appeals a decision of the Champaign County Court of Common Pleas, Criminal Division, which revoked his community control sanction, previously imposed for his convictions for two counts of trafficking in drugs in April of 2013, and imposing a two-year sentence. Ireland contends

that the evidence in the record does not support the finding of the trial court that he violated the terms of hiscommunity-control sanction. Ireland filed a timely notice of appeal with this Court on March 27, 2015.

{¶ 2} On February 13, 2013, Ireland pled guilty to two counts of trafficking in drugs, in violation of R.C. 2925.03(A)(1)(C)(2)(a), both felonies of the fifth degree. Shortly thereafter on April 2, 2013, the trial court sentenced Ireland to community control. On May 11, 2013, Ireland tested positive for heroin, and a community control violation hearing was held on May 28, 2013. The trial court permitted Ireland to remain on community control but ordered him to complete the Teen Challenge Program of Greater Cleveland (TCP). TCP is a religious-based rehabilitation program for individuals found to be drug and/or alcohol dependent. The program consists of two phases. Ireland completed Phase I of the program in Cleveland, Ohio. However, at the beginning of the second phase which was held in Missouri, Ireland and some other students from the program bought and consumed alcohol. Ireland then left the program and returned to Ohio. As a result of this infraction, Ireland was unsuccessfully discharged and did not complete Phase II of the TCP.

{¶ 3} On December 20, 2013, the trial court held a second community control violation hearing. For a second time, the trial court permitted Ireland to remain on community control. The trial court placed Ireland on electronic ankle monitoring and ordered him to attend and complete the West Central Probation Incentive Program (WCP). The trial court warned Ireland that if he violated his community control again, he would be sentenced to twelve months in prison for each of the two counts of trafficking in drugs, and the sentences would be served consecutively for a total of twenty-four months

in prison.  Ireland subsequently completed the WCP program and was taken off electronic ankle monitoring.

{¶ 4} Thereafter, on March 5, 2015, Ireland was charged with two violations of his community control, to wit:

Notice further says the defendant has violated supervision in the following manner:

1. Violation of Standard Condition of Supervision Rule #1: "I will obey federal, state and local laws and ordinances, including those related to illegal drug use and registration with authorities."  To wit:

On or about 12/13/14, in the vicinity of 3001 Sun Valley Drive, Springfield, Ohio, you caused or attempted to cause physical harm to Amanda Johnson.

2. Violation of Standard Condition of Supervision Rule #2:  "I will follow all orders given to me by my supervising officer or other authorized representatives of the Court or the Department of Rehabilitation and Correction."  To wit:

On or after 2/10/15, you failed to comply with a verbal order issued by your supervising officer, instructing you to turn yourself in to the Clark County Jail to clear [an] active warrant.

{¶ 5} A community control violation hearing was held on March 13, 2015.  After hearing testimony from the State and Ireland, the trial court found him responsible of violating the terms of his community control by a preponderance of the evidence. Specifically, the trial court found that Ireland committed domestic violence against his wife, Amanda Johnson, on December 13, 2014.  The trial court also found that Ireland

failed to turn himself in to the police in Clark County to clear the arrest warrant for domestic violence after being ordered to by his probation officer, Victor Bullock. The trial court revoked Ireland's community control and sentenced him to twelve months in prison for each of the two counts of trafficking in drugs for which he was originally convicted. The trial court ordered that the sentences be served consecutively for an aggregate sentence of twenty-four months in prison.

{¶ 6} It is from this judgment that Ireland now appeals.

{¶ 7} Because they are interrelated, Ireland's first and second assignments of error will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ERRED WHEN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT ON OR ABOUT DECEMBER 13, 2014, IN THE VICINITY OF 3001 SUN VALLEY DRIVE, SPRINGFIELD, OHIO, APPELLANT CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO AMANDA JOHNSON."

{¶ 9} "THE TRIAL COURT ERRED WHEN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT ON OR AFTER FEBRUARY 10, 2015, APPELLANT FAILED TO COMPLY WITH A VERBAL ORDER ISSUED BY HIS SUPERVISING OFFICER, INSTRUCTING HIM TO TURN HIMSELF IN TO THE CLARK COUNTY JAIL TO CLEAR AN ACTIVE WARRANT."

{¶ 10} In his first assignment, Ireland argues that insufficient evidence was adduced at his revocation hearing in order to establish by a preponderance of the evidence that he committed domestic violence against his wife, Amanda Johnson. In his second assignment, Ireland contends that the evidence was insufficient to establish that he failed to comply with an order from his probation officer to turn himself in to the Clark

County Police in order to clear the active arrest warrant stemming from the domestic violence incident. Lastly, Ireland argues that the evidence was insufficient to establish that he was unsuccessfully discharged from the Teen Challenge Program for failing to attend and complete Phase II of the residential prison alternative program.

{¶ 11} "The right to continue oncommunitycontroldepends upon compliance withcommunitycontrolconditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision torevokea defendant'scommunity controlfor an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Internal citations omitted.)*State v. Lewis,*2d Dist. Montgomery No. 23505, 2010–Ohio–3652, ¶ 11.

{¶ 12} A defendant is entitled to due process when his community controlis revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The due process rights which must be observed in acommunitycontrolrevocationhearing are: (1) written notice of the claimed violations ofcommunity control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons forrevokingcommunitycontrol. *See Gagnon*at 786, quoting*Morrissey v. Brewer,*408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);*State v. Nallen,*2d Dist. Miami No. 2012 CA 24,2013–Ohio–3284, ¶ 18.

{¶ 13} "[C]ommunitycontrolrevocationproceedings are not the same as a criminal trial, and arevocationofcommunitycontrol punishes the failure to comply with the terms

and conditions ofcommunitycontrol, not the specific conduct that led to the revocation."*State v. Black,*2d Dist. Montgomery No. 24005, 2011–Ohio–1273, ¶ 17. Uponrevokingcommunitycontrol, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for whichcommunitycontrolhad been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing.R.C. 2929.15(B).

{¶ 14} In the instant case, a review of the transcript of the probation revocation hearing reveals that Ireland did not comply with the terms and conditions of his community control. Specifically, the trial court had before it evidence that Ireland committed domestic violence against Johnson. Deputy Steven Elliot from the Clark County Sheriff's Office testified that he was the officer who responded to a report of domestic violence at a residence Johnson shared with Ireland on December 13, 2014. Deputy Elliot testified that Johnson informed him that she and Ireland were in the process of getting a divorce, and he had stopped by the house earlier to retrieve some property. Deputy Johnson further testified that Johnson stated that she arrived home while Ireland was there, and the two got into an argument. Eventually, the argument escalated into a physical confrontation during which Ireland pushed Johnson down in the kitchen, picked her up and pushed her against the refrigerator, spit on her, and stuck his thumb in her mouth and began pushing on her teeth. Deputy Elliot also testified that Johnson stated that Ireland had smashed her cell phone during the incident. Deputy Elliot took a picture of the broken phone that was submitted at the revocation hearing as State's Exhibit 4.

{¶ 15} Additionally, the State submitted Johnson's written statement wherein she described being physically assaulted by Ireland. Johnson also reported that Ireland smelled of alcohol when he assaulted her. At the hearing, however, Johnson testified that she "misspoke" when she reported to Deputy Elliot that Ireland had assaulted her. Johnson also testified that her written statement was also incorrect insofar as she had accused Ireland of physically assaulting her. Johnson testified that she, not Ireland, broke her cell phone. Nevertheless, the trial court found that Johnson's testimony at the revocation hearing was not credible in light of Deputy Elliot's testimony and her written statement describing the physical abuse she suffered at the hands of Ireland. Accordingly, we conclude that the trial court did not abuse its discretion when it found by a preponderance of the evidence that Ireland committed domestic violence against Johnson, thereby violating his community control.

{¶ 16} Furthermore, Probation Officer Victor Bullock unequivocally testified that on February 10, 2015, he became aware that Ireland had an active arrest warrant for domestic violence against Johnson. On the same day, Officer Bullock called Ireland and ordered him to turn himself in at the Clark County Jail. Officer Bullock testified that he was "led to believe" by Ireland that he was going to turn himself in. Officer Bullock testified that the next day on February 11, 2015, he checked the Clark County jail roster in order to see if Ireland had turned himself in as ordered, but he had not. Bullock further testified that Ireland called him on February 12, 2015, and acknowledged that he had not turned himself in because he was trying to raise money in order to post bond. Accordingly, we conclude that the trial court did not abuse its discretion when it found by a preponderance of the evidence that Ireland failed to comply with an order from his

probation officer to turn himself in to the Clark County Police in order to clear the active arrest warrant stemming from the domestic violence incident involving Johnson.

{¶ 17} Ireland's first and second assignments of error are overruled.

{¶ 18} Ireland's third and final assignment of error is as follows:

{¶ 19} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ERRONEOUSLY FOUND THAT APPELLANT HAD PREVIOUSLY BEEN PLACED IN A RESIDENTIAL ALTERNATIVE TO PRISON, NAMELY PHASE II OF THE TEEN CHALLENGE PROGRAM, AND [WAS] SUBSEQUENTLY UNSUCCESSFULLY DISCHARGED FROM SAID PROGRAM."

{¶ 20} In his final assignment, Ireland argues that the trial court committed reversible error when it found that he had previously been placed in a residential alternative to prison, the Teen Challenge Program, and was unsuccessfully discharged without completing the program. Specifically, Ireland asserts that the trial court never explicitly ordered him to complete Phase II of the TCP which was held in Cape Girardeau, Missouri. Ireland further argues that his decision to drop out of the second phase of the program that he was voluntarily attending should not have been used as evidence to support the revocation of his community control.

{¶ 21} In support of his argument, Ireland cites to the following exchange between himself and the trial court at his second community control violation hearing held on December 20, 2013:

> The Court: *** Court finds that the Defendant has two prior violations of community control. Mr. Ireland, I spent several minutes today talking about details and how details are important. And I believe that you are

amenable to community control. As I had mentioned earlier, *I was unaware at the time of sentencing that the National Teen Challenge Program had two phases. And although you didn't complete phase two of the program, you did successfully complete the Teen Challenge Program of Greater Cleveland, which was the set condition of your community control.*

*And so if I as a Judge have an expectation that you are going to pay attention to detail, I too as a Judge have a requirement to pay attention to detail. And in your journal entry of conviction and sentencing I set as your condition that you successfully complete the Teen Challenge Program of Greater Cleveland. And you did do that. The fact that you got kicked out of the Missouri Program* [Phase II] *is not good.* But when I look at what type of punishment you should receive, I've got to – I believe that Court has to give greater weight to the expectations it set out for you in writing. Because as I've told you, and as we've discussed, it's all about the details, isn't it?

Ireland: Yes, Your Honor.

The Court: So, I believe that you should deserve – I believe that you deserve, it's not the benefit of the doubt, but the Court should hold itself to the same standard it would expect you to be held to. I also believe that you appear to have learned a great deal from your Teen Challenge experience. Which also raises the expectation of your future conduct.

*So for those reasons, I'm going to return you to community control.*

*You'll be returned to community control under the same standard and special conditions that were previously outlined in your April 2, 2013, file stamp* [sic] *journal entry and your June 6, 2013, file stamp journal entry.* \*\*\*

As is clear from the above exchange, the trial court acknowledged that it was unaware that the TCP had a second phase. While noting that it was "not good" that Ireland had been unsuccessfully discharged from the second phase of the TCP, the trial court praised him for completing the first phase held in Cleveland, Ohio, which was a set condition of his community control. Moreover, at the conclusion of the revocation hearing on December 20, 2013, the trial court continued Ireland's community control.

{¶ 22} In the instant appeal, Ireland argues that the trial court should not have considered his failure to complete the second phase of the TCP when it revoked his community control. Ireland points out that the trial court acknowledged that he was not required to attend the second phase of the TCP as a condition of his community control, and therefore, his failure to complete Phase II should not have been held against him when the trial court revoked his community control on March 13, 2015.

{¶ 23} At the revocation hearing on March 13, 2015, the trial court stated the following:

The Court: \*\*\* Court finds that it considered alternatives to imprisonment. Notes that there are no reasonable alternatives to imprisonment available in taking into account the totality of the circumstances surrounding the nature of the Defendant's community control violations. He's not amenable for residential alternative to prison because of pending charges in Clark County Common Pleas Court case number

2014 CR 797 for domestic violence. That through his February 26 [2015] arrest, at the residence he shared with the victim [Johnson] of the community control violation, the Defendant appears to have violated the no contact order with the alleged victim.

*The Defendant has previously been placed in a residential alternative to prison. And was unsuccessfully discharged from Phase Two of the residential Teen Challenge Program.* \*\*\*

{¶ 24} Ireland admitted at the March 13, 2015, revocation hearing that he failed to complete Phase II of the TCP. Even though the trial court acknowledged that Ireland's attendance at Phase II of the TCP was not a set condition of his community control, it was still free to consider his failure to complete the program when determining that he was not amenable to any future residential alternatives to prison. Significantly, the March 13, 2015, hearing was Ireland's third community control revocation hearing. In revoking Ireland's community control, the trial court considered the totality of the circumstances, including his pre-sentence investigation report outlining his past criminal history, as well as the pending charges which formed the basis for his community control violations. Nothing in the record establishes that the trial court placed undue weight on Ireland's failure to complete Phase II of the TCP.

{¶ 25} Furthermore, the issue before the trial court was whether Ireland had violated the conditions of community control supervision by committing domestic violence against Johnson and by failing to comply with an order from his probation officer to turn himself in to the Clark County Police in order to clear an active arrest warrant. As previously stated, evidence presented at the revocation hearing reasonably supports a

finding that he did violate the conditions of his community control, and the trial court did not abuse its discretion by revoking his supervision and imposing a prison term.

{¶ 26} Ireland's third assignment of error is overruled.

{¶ 27} All of Ireland's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Jane A. Napier
S. Todd Brecount
Hon. Nick A. Selvaggio