[Cite as *State v. Hatton*, 2014-Ohio-3354.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :            C.A. CASE NO.    25959

v.                                     :            T.C. NO.    06CR5148/3

RONNIE C. HATTON                       :            (Criminal appeal from
                                     Common Pleas Court)

    Defendant-Appellant            :

                                       :

. . . . . . . . . .

## O P I N I O N

Rendered on the 1st day of August, 2014.

. . . . . . . . . .

TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro, Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Ronnie C. Hatton appeals from a decision of the

Montgomery County Court of Common Pleas, Criminal Division, which revoked his community control and sentenced him to an aggregate term of two years in prison. Hatton filed a timely notice of appeal with this Court on October 22, 2013.

{¶ 2} On March 29, 2007, Hatton was indicted for one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree. Hatton plead guilty to the charged offense on May 29, 2007, and was sentenced to a period of the community control not to exceed five years. Hatton's community control sanctions included a requirement that he complete one hundred hours of community service. The sanctions also contained a requirement that he pay restitution to the victims in the amount of $62,936.54, as well as an additional $6,000.00 to be paid to Westfield Insurance.[1] Hatton was initially ordered to pay $500.00 per month towards his restitution obligation.[2] After two months on community control, Hatton was convicted and sentenced in an unrelated case wherein he received an eighteen month prison sentence. Thus, Hatton's community control sanctions in the instant case were suspended on August 30, 2007, until his "return to the jurisdiction of this court." Hatton's community control obligations were subsequently reinstated on February 16, 2009. Upon reinstatement of his community control sanctions, Hatton's monthly restitution payment was reduced to $100.00 per month.

{¶ 3} Because of his ongoing failure to comply with the terms of his community

---

[1] The $6,000.00 restitution order to Westfield Insurance was later suspended.

[2] The monthly amount of restitution was modified downward twice. Shortly after Hatton was released from prison in February of 2009, it was reduced to $250.00 per month. The record is unclear, but sometime prior to 2013, it was reduced again to $100.00 per month.

control, Hatton met with his probation officer, Brandon Hayes, on April 9, 2013. At the administrative meeting, characterized in the record as a preliminary hearing, Hayes informed Hatton that he had not completed any of his community service. Hayes testified later at the revocation hearing, that Hatton maintained that he had in fact completed some of his community service in Stark County, Ohio, but failed to provide any documentation regarding the completed hours. Hayes testified that he had informed Hatton "that if he has no verification of it[,] that it didn't happen as far as adult probation was concerned." In addition to the April 9, 2013, discussion, Hayes testified that he discussed his non-compliance with Hatton on "at least five/six occasions." Moreover, Hayes testified that Hatton was non-compliant with restitution payments. Specifically, Hatton had paid approximately $4,482.04 of his restitution obligation in over four years of community control, leaving him $1,800.00 in arrears. Nevertheless, Hatton was initally permitted to remain on community control in order to fulfill his obligation to the State.

{¶ 4} On July 8, 2013, Hatton was arrested for petty theft, failure to signal, and marked lane violation. On July 12, 2013, the Division of Criminal Justice Services filed a notice of revocation with the trial court citing Hatton's recent arrest and asserting that he violated the terms of his community control, specifically in regards to his failure to pay restitution and failure to complete his community service obligation. A hearing on the notice of revocation was held on August 30, 2013. Hatton was represented by counsel. Hatton, his fiancé, his employer, and his probation officer testified. Based on the evidence adduced at the hearing, the trial court found that Hatton was in violation of community control and sentenced him to two years in prison.

**{¶ 5}** It is from this judgment that Hatton now appeals.

**{¶ 6}** Hatton's sole assignment of error is as follows:

**{¶ 7}** "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED THE DEFENDANT'S COMMUNITY CONTROL SANCTIONS AND SENTENCED THE DEFENDANT TO TWO YEARS IN PRISON."

**{¶ 8}** In his sole assignment, Hatton contends that the trial court abused its discretion when it revoked his community control and sent him to prison. Specifically, Hatton argues that the State failed to adduce any credible evidence at the revocation hearing that established that he failed to complete his one hundred hours of community service. Hatton also asserts that the State failed to establish that his failure to keep current on his restitution payments was willful or intentional.

**{¶ 9}** "A defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972). First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Blakeman*, 2d Dist. Montgomery No. 18983, 2002-Ohio-2153. Second, due process requires a final hearing to determine whether probation should be revoked. *Id*.

**{¶ 10}** "At the final revocation hearing, the State must (1) provide the probationer

with written notice of the alleged violations of probation; (2) disclose the evidence against [her]; (3) give the probationer an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow [her] to confront and cross-examine adverse witnesses; (5) afford [her] a neutral and detached hearing body; and, (6) provide the probationer with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation." *Blakeman*, supra, citing *Gagnon*, 411 U.S. at 782, *Morrisey*, supra, and *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975). The failure to object to a due process violation during a community control revocation hearing waives all but plain error. *Blakeman*, supra.

{¶ 11} Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt. *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶12. "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id*.

{¶ 12} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Schlecht*, 2d Dist. Champaign No.2003-CA-3, 2003-Ohio-5336, ¶7. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. *State v. Brown*, 2d Dist. Montgomery No. 22467, 2008-Ohio-4920, ¶9. Such decision is an abuse of discretion if no sound reasoning process supports the decision. *Id*.; *State v. Picklesimer*, 2d Dist. Greene No. 06-CA-118, 2007-Ohio-5758, ¶28.

{¶ 13} Upon review, we conclude that the State adduced sufficient evidence at the

hearing to justify the trial court's decision to revoke Hatton's community control and sentence him to two years in prison.

**{¶ 14}  A. Restitution**

**{¶ 15}** In regards to his restitution arrearage, Hatton acknowledged that he had an obligation to make monthly payments and that he was "currently about $1,800.00 short." Hatton testified that he works approximately twenty hours per week at his construction job and also performs various odd jobs to make additional money throughout the month. Hatton testified that on average, he earns approximately $800.00 per month.  Hatton's employer, Donald Toth, testified that the appellant is "able-bodied" and always "ready to work."  Toth also testified that he did not know of any reason why Hatton could not work.

**{¶ 16}**  Hatton further testified that he has only $25.00 per month in expenses, not counting his restitution obligation.  Both Hatton and his fiancé, Kristi McSherry, testified that they do not pay for housing because they live in a house previously owned by Hatton's father.  We also note that McSherry testified she receives $220.00 per month in food stamps.  Hatton testified that he receives free health care through McSherry who is on additional public assistance.  The evidence adduced by the State established that Hatton had the ability and means to consistently pay $100.00 in restitution per month, but simply chose to disregard his obligation.  In light of the foregoing, the trial court had before it sufficient evidence that Hatton intentionally and wilfully failed to pay his restitution.

**{¶ 17}  B. Community Service**

**{¶ 18}**  As previously noted, one of Hatton's community control requirements was to complete one hundred hours of community service.  Hatton asserts that the trial court

erred when it found that he had failed to complete any of his community service requirement despite his testimony that he completed the requirement while incarcerated for a separate offense committed in Stark County.

{¶ 19} Although Hatton testified that he performed the service requirement in Stark County, he was unable to provide any documentation verifying his claim in this regard. Moreover, on numerous occasions prior to the revocation hearing, Hayes informed Hatton that he needed to provide documentation from Stark County which established that he did, in fact, perform his community service. Hayes testified that Hatton never provided any verification that he performed the community service. Significantly, Hatton blamed the failure to provide verification on his probation officer in Stark County, Mr. Clemons. Hatton testified that Mr. Clemons assured him that all of his jail work hours would be counted towards his community service requirement in the instant case. Nevertheless, no documentation or evidence was adduced by Hatton that he had completed the community service.

{¶ 20} We also note that prior to April 9, 2013, Hatton failed to complete any community service in Montgomery County even though Hayes discussed the subject with him on several occasions. Hatton further testified that he waited until April of 2013 to arrange to perform any of his community service because he had not been properly assessed by Montgomery County. After meeting with the assessor, Greg Hoerrt, Hatton testified that he lost the paper which had his community service assignment and then had to wait to get another one. When asked on cross-examination why he did not get assessed in 2009, 2010, 2011, or 2012 in order to complete his community service requirement, Hatton testified that

he "didn't know." Hatton also admitted during cross-examination that because he did not always have work, he had an abundance of time to complete his community service, yet he still failed to do so. In regards to Hatton's testimony, the trial court found that it "really didn't make any sense at all" and was very inconsistent. Conversely, Hayes' testimony regarding Hatton's continued failure to perform his community service requirement was consistent and supported by the evidence adduced at the revocation hearing.

{¶ 21} Upon review, we find that the record supports the trial court's decision to revoke Hatton's community control and send him to prison. Furthermore, the trial court was able to observe the testimony of the witnesses at the revocation hearing, especially that of Hatton. Thus, we cannot conclude that the trial court abused its discretion in revoking Hatton's community control or in imposing a two-year prison sentence.

{¶ 22} Hatton's sole assignment of error is overruled.

{¶ 23} Hatton's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Tiffany C. Allen
Marshall G. Lachman
Hon. Mary Katherine Huffman