[Cite as *State v. Morgan*, 2014-Ohio-5071.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

MICHELE MORGAN

       Defendant-Appellant

Appellate Case No.    26132

Trial Court Case No.   2010-CR-2883

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 14th day of November, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIFFANY C. ALLEN, Atty. Reg. No. 0089369, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

SHAWN P. HOOKS, Atty. Reg. No. 0079100, 131 North Ludlow Street, Suite 630, Dayton, Ohio 45420
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Michele Morgan, appeals from the decision of the Montgomery County Court of Common Pleas revoking her community control sanctions. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On January 17, 2012, Morgan was convicted of grand theft in violation of R.C. 2913.02(A)(2), a felony of the fourth degree. As a result of the conviction, the trial court sentenced Morgan to five years of community control with ten conditions, including, in part, that Morgan: (1) complete a term of intensive probation supervision for a period not to exceed five years; (2) obtain and maintain full-time, verifiable employment; and (3) attend Goodwill Industries or the Bureau of Vocational Rehabilitation.

{¶ 3} Morgan subsequently appealed from her conviction, which we affirmed on January 18, 2013, in *State v. Morgan*, 2d Dist. Montgomery No. 25023, 2013-Ohio-122. Shortly thereafter, on February 20, 2013, a notice of revocation was filed notifying the trial court that Morgan had violated the terms of her community control. The notice indicated that Morgan failed to provide proof of employment to her probation officer, failed to attend Goodwill Industries or the Bureau of Vocational Rehabilitation, and failed to report to her probation officer.

{¶ 4} Over the next several months, the trial court continued Morgan's revocation hearing multiple times and held various status conferences in order to give her the opportunity to comply with the terms and conditions of her community control. Throughout this process, the trial court and Morgan's probation officer reminded her of the conditions of her community

control, and made efforts to assist her with compliance. However, on February 28, 2014, a second notice of revocation was filed notifying the court that Morgan was still not in compliance with the terms of her community control. Accordingly, a revocation hearing was held on March 10, 2014, wherein the court heard testimony from Morgan's probation officer, a representative from Goodwill Industries, and Morgan herself.

{¶ 5} After the trial court heard all the testimony presented at the revocation hearing, the court announced that it found Morgan violated the terms and conditions of community control sanctions by failing to: (1) obtain or maintain full-time employment; (2) attend Goodwill Industries; and (3) report to her probation officer. In addition, the trial court found Morgan was no longer amenable to supervision because of the length of time she had been given to comply. As a result, the trial court revoked her community control and sentenced her to ten months in prison.

{¶ 6} Morgan now appeals from the trial court's decision revoking her community control, raising one assignment of error for review. Her sole assignment of error is as follows:

THE APPELLANT'S DUE PROCESS RIGHTS WERE VIOLATED WHEN THE TRIAL COURT TERMINATED HER COMMUNITY CONTROL AND IMPOSED A PRISON SENTENCE BECAUSE IT MADE INAPPROPRIATE FINDINGS AND FAILED TO CONSIDER ALL EVIDENCE IN MITIGATION.

{¶ 7} Under her single assignment of error, Morgan contends that the trial court erred in revoking her community control. Specifically, Morgan claims the evidence presented at the revocation hearing established that she: (1) had obtained part-time employment and was making efforts to obtain full-time employment; (2) attended Goodwill Industries prior to gaining

employment; and (3) attended 90 percent of her appointments with her probation officer, and provided valid reasons for her absence on the other 10 percent that she missed. Morgan also argues that the trial court failed to consider mitigating factors when it revoked her community control.

**{¶ 8}** As a preliminary matter, we note that "[a] defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶ 6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control."[1] (Citations omitted.) *State v. Hatton*, 2d Dist. Montgomery No. 25959, 2014-Ohio-3354, ¶ 9. "Second, due process requires a final hearing to determine whether probation should be revoked." (Citation omitted.) *Id*.

**{¶ 9}** "At the final revocation hearing, the State must (1) provide the probationer with written notice of the alleged violations of probation; (2) disclose the evidence against [her]; (3) give the probationer an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow [her] to confront and cross-examine adverse witnesses; (5) afford [her] a neutral and detached hearing body; and, (6) provide the probationer with a written

---

[1] The record indicates there was no preliminary hearing. However, in her appeal, Morgan does not claim that she should have been given a preliminary hearing. Regardless, because she did not request a preliminary hearing or object when the court failed to conduct one, any due process claim based on the lack of a preliminary hearing would be waived. *State v. Whitaker*, 2d Dist. Montgomery Nos. 21003, 21034, 2006-Ohio-998, ¶ 22.

statement by the fact finder as to the evidence relied upon and the reasons for revoking probation." (Citations omitted.) *State v. Gilreath*, 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, *2 (July, 7, 2000).

{¶ 10} "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *Hatton* at ¶ 11, citing *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12. Rather, "[t]he State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id*.

{¶ 11} "The right to continue on community control depends on compliance with community control conditions and 'is a matter resting within the sound discretion of the court.' " *State v. Schlecht*, 2d Dist. Champaign No. 2003-CA-3, 2003-Ohio-5336, ¶ 7, quoting *State v. Johnson*, 2d Dist. Montgomery No. 17420, 2001 WL 561312, *4 (May 25, 2001). "Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion." (Citation omitted.) *State v. Eversole*, 2d Dist. Montgomery No. 23444, 2010-Ohio-1614, ¶ 34. "Such decision is an abuse of discretion if no sound reasoning process supports the decision." (Citations omitted.) *State v. Brandon*, 2d Dist. Montgomery No. 23336, 2010-Ohio-1902, ¶ 16.

{¶ 12} Upon review of the record in this case, we conclude that the State provided sufficient evidence at the revocation hearing to justify the trial court's decision to revoke Morgan's community control sanctions for: (1) failing to obtain and maintain full-time employment; (2) failing to attend scheduled office visits with her probation officer; and (3) failing to attend the Goodwill Industries program as ordered by the trial court.

{¶ 13} Morgan's probation officer, Lynn Mirovsky, testified that at no time during her

probation did Morgan advise him of full-time employment or submit any documentation indicating that she was employed full-time. Rather, Mirovsky testified that Morgan has only provided him with evidence of part-time employment during the period between July 2013 and November 2013.

{¶ 14} Mirovsky also testified that Morgan missed required office visits on September 14, 2012, January 10 and January 14, 2013. He testified that on January 16, 2013, a notice was left at Morgan's residence ordering her to attend an office visit on January 31, 2013, which she also failed to attend. Furthermore, after the first notice of revocation was filed on February 20, 2013, Mirovsky testified that Morgan continued to miss office visits on March 19, August 8, November 27, December 24 and 31, 2013, January 31, and February 5, 2014. Except for the missed December appointments, Mirovsky testified that his records do not indicate that Morgan had contacted him with respect to her absences and that she had not provided any verification or notification as to why she did not attend.

{¶ 15} Morgan, on the other hand, testified that she always called and rescheduled if she missed an office visit. However, the trial court found that Morgan's testimony was not credible in any respect, and we defer to the trial court's determination on credibility. *State v. Eversole*, 2d Dist. Montgomery No. 22680, 2009-Ohio-2174, ¶ 12, citing *State v. Miller*, 10th Dist. Franklin No. 03AP-1004, 2004-Ohio-1007, ¶ 10.

{¶ 16} In addition, Mirovsky testified that during an office visit with Morgan on February 16, 2012, he explained the requirement that she utilize Goodwill Industries to assist her in finding full-time employment. He testified that Morgan thereafter failed to provide him with notification that she had attended the Goodwill Industries program, so he followed-up on August

30, 2012 and January 23, 2013 to no avail. Mirovsky also testified that after the first notice of revocation was filed on February 20, 2013, the trial court held various status conferences, during which the court discussed the Goodwill Industries requirement and ordered Morgan to utilize the Goodwill Industries program until she was employed full-time.

{¶ 17} Furthermore, Kenneth B. Heaton, an employment specialist at Goodwill Industries, testified that Morgan first contacted Goodwill Industries on May 7, 2013, over a year after her conviction. According to Heaton, Morgan attended Goodwill Industries regularly during the month of June 2013, but then ceased contact once she reported that she obtained part-time employment in July 2013. Heaton testified that on July 30 and August 13, 2013, he attempted to call Morgan with additional job opportunities to meet her full-time work requirement, but that she failed to return his calls. Heaton also testified that he attempted to call her during the first week of January 2014, which she initially responded to, and then failed to follow-up.

{¶ 18} Morgan testified that she did not "have a good answer" as to why she did not utilize Goodwill Industries prior to May 2013 and blamed her schedule. Revocation Hearing Trans. (Mar. 10, 2014), p. 116. However, she claimed to have had one meeting with the Bureau of Vocational Rehabilitation during that time.

{¶ 19} Morgan also testified that she was unable to obtain employment between January 2012 and July 2013 because she: (1) had to serve 10 days in jail in February 2012, as part of her sentence in this case; (2) had surgery to remove ovarian cysts and was admitted to Kettering Behavior Health for severe depression in April 2012; (3) was hospitalized for a week in September 2012, due to seizures; (4) was incarcerated during the month of October 2012, for

violating the probation program of the Dayton Municipal Court with regards to another case and was thereafter ordered to attend the Morningstar program for the month of November 2012; (6) was incarcerated during the month of December 2012 and early January 2013 after testing positive for Klonopin, which again violated the probation terms of the Dayton Municipal Court; and (7) was in the hospital for four days in February 2013, due to a hysterectomy and was allegedly prohibited from working for six weeks.

{¶ 20} Morgan argues that the trial court should have considered as a mitigating factor that she completed a majority of the conditions of her supervision despite her hospitalization, medical conditions, and incarceration. However, while it may be true that Morgan had serious mental and physical conditions during 2012 and 2013, a large part of her inability to comply with the conditions of her supervision in this case was due to incarceration resulting from non-compliance with the probation orders of another court, which is not a legitimate excuse. Regardless, the record indicates that the trial court initially looked past the period of non-compliance between 2012 and 2013, and gave Morgan a second chance to comply with the terms of her community control sanctions after the first revocation notice was filed in February 2013. Yet, despite this second chance, Morgan still failed to obtain full-time employment, attend Goodwill Industries, and attend all scheduled office visits with her probation officer.

{¶ 21} Based on the foregoing, we conclude that the record supports the trial court's decision revoking Morgan's community control sanctions and sentencing her to ten months in prison. Thus, we cannot conclude that the trial court's decision was an abuse of discretion. Accordingly, Morgan's sole assignment of error is overruled.

{¶ 22} Having overruled Morgan's sole assignment of error, the judgment of the trial

court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Tiffany C. Allen
Shawn P. Hooks
Hon. Mary Katherine Huffman