**[Cite as *State v. Eastman*, 2021-Ohio-392.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-312 |
| | : | |
| BRYAN K. EASTMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of February, 2021.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, P.O. Box 10124, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Defendant-appellant Bryan K. Eastman appeals a judgment of the Clark County Court of Common Pleas, which terminated his community control sanctions and sentenced him to 12 months in prison. The trial court also ordered that Eastman's sentence be served consecutively to a sentence he was serving for a conviction in Miami County. Eastman filed a timely notice of appeal on January 21, 2020.

**{¶ 2}** The record establishes that on June 27, 2016, Eastman was indicted in Clark County for one count of receiving stolen property (RSP), in violation of R.C. 2913.51(A), a felony of the fourth degree. At his arraignment on July 7, 2016, Eastman pled not guilty to the charged offense, and the trial court released him on his own recognizance (OR bond). A pretrial hearing was scheduled for October 5, 2016. Eastman did not attend the pretrial hearing because he was detained in the Warren County Jail on new charges. The trial court terminated Eastman's OR bond and issued a capias for his arrest. Eastman was also unable to attend a bond review hearing on October 19, 2016, due to his still being detained in the Warren County Jail. The trial court ordered the State to place a detainer on Eastman in Warren County in the event of his release.

**{¶ 3}** On April 21, 2017, another bond hearing was held before the trial court, and Eastman was present with appointed trial counsel. The trial court and the parties scheduled a final pretrial hearing and the trial date. On May 17, 2017, Eastman pled guilty to an amended charge of RSP as a felony of the fifth degree, and the sentencing hearing was scheduled for June 7, 2017. On that date, the trial court imposed five years of community control sanctions and ordered Eastman to serve local jail time of 180 days, with credit for five days served and with the balance to be suspended upon admittance to and completion of the drug and alcohol program at West Central Community Corrections

Facility.   Eastman did not appeal the trial court's judgment of conviction.

{¶ 4} On April 26, 2018, Eastman appeared before the trial court for violating his community control sanctions.   Eastman was accused of failing to report to the probation department as scheduled and failing to complete a drug and alcohol assessment. Eastman admitted to the violations and was ordered to appear for disposition on May 4, 2018; Eastman did not appear, and the trial court issued a capias for his arrest.   Eastman was eventually arrested on the capias and appeared before the trial court on January 9, 2020.   As previously stated, the trial court terminated his community control sanctions and sentenced him to 12 months in prison, with credit for 237 days; the court ordered that Eastman's sentence be served consecutively to a sentence he was serving for a separate conviction in Miami County.

{¶ 5} Eastman now appeals from the trial court's January 9, 2020 judgment.

{¶ 6} Eastman's first assignment of error is as follows:

THE TRIAL COURT ERRED IN PROCEEDING WITH THE PRETRIAL HEARING OF OCTOBER 5, 2016[,] WITHOUT DEFENDANT'S PRESENCE AND LACK OF WAIVER OF PRESENCE.

{¶ 7} Eastman contends that the trial court erred when it held a pretrial hearing on October 5, 2016, when he was incarcerated at the Warren County jail and unable to attend the hearing.   Eastman also argues that the trial court should have obtained his "waiver of presence" before proceeding with the hearing.

{¶ 8} As previously noted, Eastman did not file a direct appeal from the June 7, 2017 judgment that imposed community control sanctions.   Accordingly, res judicata bars Eastman from raising such an issue on appeal from the revocation of his community

control sanctions on January 9, 2020. Any issues related to Eastman's absence at the pretrial hearing before community control sanctions were imposed could have and should have been raised in a direct appeal from the judgment imposing community control sanctions. *See State v. Turner,* 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 8. In *State v. Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392, we stated the following regarding the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*Id.* at ¶ 8, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶ 9} In other words, "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Since Eastman failed to raise this issue in a direct appeal of his conviction, the argument is now barred under the doctrine of res judicata, and we need not address the merits of this argument.

{¶ 10} Eastman's first assignment of error is overruled.

{¶ 11} Eastman's second assignment of error is as follows:

THE TRIAL COURT ERRED IN SENTENCING DEFENDANT ON NONTECHNICAL VIOLATIONS ON JANUARY 9, 2020.

{¶ 12} In his second assignment, Eastman argues that the trial court erred when it revoked his community control sanctions and sentenced him to 12 months in prison. Specifically, Eastman argues that he did not attend the May 4, 2018 disposition for violating his community control because he was incapacitated and could not be transported to the proceedings, and he had allegedly been advised by a Clark County probation officer and the sheriff that his community control had been terminated.

{¶ 13} The right to continue on community control depends upon compliance with the conditions of community control and is a matter within the sound discretion of the trial court. *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11. Accordingly, we review the trial court's revocation of community control for an abuse of discretion. *State v. Morgan*, 2d Dist. Montgomery No. 26132, 2014-Ohio-5071, ¶ 11. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *State v. Dalton*, 2019-Ohio-4364, 147 N.E.3d 1205, ¶ 11 (2d Dist.).

{¶ 14} "[A] revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black*, 2d Dist. Montgomery No. 24005, 2011-Ohio-1273, ¶ 17. Crim.R. 32.3, which governs revocation of community control, provides that the trial court "shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

{¶ 15} "Community control violation proceedings are not equivalent to criminal prosecutions." *Black* at ¶ 12. Nevertheless, "[a] defendant is entitled to certain due

process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶ 6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Blakeman*, 2d Dist. Montgomery No. 18983, 2002 WL 857659, *2 (May 3, 2002). Second, due process requires a final hearing to determine whether community control should be revoked. *Id.*

{¶ 16} At the final revocation hearing, the State must (1) provide the defendant with written notice of the alleged violations of community control; (2) disclose the evidence against the defendant; (3) give the defendant an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow the defendant to confront and cross-examine adverse witnesses; (5) afford the defendant a neutral and detached hearing body; and, (6) provide the defendant with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9 and 2015-CA-10, 2016-Ohio-232, ¶ 15; *State v. Gilreath*, 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, *2 (July 7, 2000).

{¶ 17} R.C. 2929.15(B)(1)(a-c) states as follows:

(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose

upon the violator one or more of the following penalties:

(a) A longer tem under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under [R.C. 2929.16, 2929.17 or 2929.18];

(c) A prison term on the offender pursuant to [R.C. 2929.14] and [R.C. 2929.15(B)(3) ], provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) *If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree, the prison term shall not exceed ninety days. * * ** 

* * *

(3) The prison term, if any, imposed on a violator pursuant to this division and division (B)(1) of this section shall be within the range of prison terms described in this division and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing

(Emphasis added.)

{¶ 18} As previously stated, Eastman argues that the trial court erred when it terminated his community control and sentenced him to a 12-month prison sentence for "nontechnical violations." Relevant to this issue, the Ohio Supreme Court recently stated:

* * * [T]he determination whether a violation is a "technical violation" under R.C. 2929.15(B)(1)(c) does not turn on whether the conduct at issue is

criminal. As [*State v.*] *Davis*[, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672] indicated, a violation is "nontechnical" if, considering the totality of the circumstances, the violation concerns a condition of community control that was "specifically tailored to address" matters related to the defendant's misconduct or if it can be deemed a "substantive rehabilitative requirement which addressed a significant factor contributing to" the defendant's misconduct. *Davis*, 2018-Ohio-2672, at ¶ 17, 18; *see also Black's* [*Law Dictionary*] at 1463 (defining "technical" as "[i]mmaterial, not affecting substantial rights, without substance"). On the other hand, a violation is "technical" when the condition violated is akin to "an administrative requirement facilitating community control supervision." *Davis* at ¶ 18; *see also Ballentine's* [*Legal Dictionary and Thesaurus*] at 661 (defining "technical" as "[i]nvolved in detail or in form rather than in a principle or in substance"). There is no single factor that determines whether a violation is technical or nontechnical. As indicated above, the statute allows the trial court to engage in a practical assessment of the case before it, i.e., to consider the nature of the community-control condition at issue and the manner in which it was violated, as well as any other relevant circumstances in the case.

*State v. Nelson*, Ohio Slip Opinion No. 2020-Ohio-3690, __ N.E.3d __, ¶ 26.

**{¶ 19}** As previously stated, on May 17, 2017, Eastman pled guilty to an amended charge of RSP as a felony of the fifth degree, and the sentencing hearing was scheduled for June 7, 2017. On that date, the trial court imposed five years of community control,

among other sanctions. On April 26, 2018, Eastman appeared before the trial court for violating his community control sanctions. Eastman was accused of failing to report to the probation department as scheduled and failing to complete a drug and alcohol assessment. Eastman admitted to the violations and was ordered to appear for disposition on May 4, 2018, which he failed to do, and the trial court issued a capias for his arrest. Eastman was eventually arrested on the capias and appeared before the trial court on January 9, 2020.

{¶ 20} At the hearing on January 9, 2020, the trial court found that Eastman had admitted to failing to report to the Clark County Probation Department as required by terms of his community control. The trial court likened Eastman's failure to report to "absconding," which it stated was a nontechnical violation. In *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, the defendant violated his community control sanctions by failing to report to his probation office in West Virginia. The placement of the defendant's community-control supervision in West Virginia, as opposed to Ohio, was specifically tailored to allow the defendant access to his ongoing education, full-time lawful employment, and custody of his two minor children. On appeal, the defendant contended that his violations met the intended definition of a "technical violation" and therefore the trial court was bound by the 90-day limitation under R.C. 2929.15(B)(1)(c)(i). The Sixth District disagreed, holding:

> [C]ommon sense and the evident purpose for trial courts to retain broad discretion to both determine revoking a community control sanction and then to fashion an appropriate sanction for that violation lead us to [the] view the General Assembly did not intend "technical violations" to impede a

court's discretion to sanction under the totality of the circumstances to specifically tailor substantive rehabilitative requirements designed to address the offender's conduct.

*Id.* at ¶ 30.   Based upon that rationale, the Sixth District concluded that the defendant's violation of a specifically-tailored condition could not be considered a technical violation of community control "where the special condition was a substantive rehabilitative requirement which addressed a significant factor contributing to [defendant's] criminal conduct." (Citations omitted.) *Id.*

{¶ 21} "[T]he General Assembly did not intend for individuals who [never report to probation or who fail to engage in any of the conditions of community control] to be considered 'technical' violators." *State v. Stanko*, 8th Dist. Cuyahoga No. 106886, 2019-Ohio-152, ¶ 10.   "Therefore, the inquiry under R.C. 2929.15(B)(1)(c) is two-fold.   An offender's significant failure to comply with any substantive rehabilitative requirement which was specifically-tailored to the offender's underlying conduct is not a technical violation for purposes of R.C. 2929.15(B)(1)(c).   In addition, if the offender engages in a pattern of conduct that demonstrates a failure to comply with the community-control sanction as a whole, this is also not a technical violation." *State v. Kernall,* 2019-Ohio-3070, 132 N.E.3d 758, ¶ 18 (1st Dist.). 26.

{¶ 22} Here, the trial court reasonably concluded that Eastman's failure to report to the probation department and failure to complete a drug and alcohol assessment constituted nontechnical violations of his community control sanctions.   "[A]bsconding applies in this situation where appellant while on a community control sanction willfully failed to report for supervision or otherwise comply with the terms and conditions of his

community control sanction." *Calhoun,* 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, at ¶ 32. The record establishes that Eastman was initially placed on community control so that he would have the opportunity to address his extensive problems with alcohol and substance abuse. Disp. Hearing Tr., June 7, 2017, p. 7-8. Therefore, Eastman's failure to report and failure to complete his drug and alcohol assessment amounted to nontechnical violations, because those conditions were "specifically tailored to address matters related to the defendant's misconduct." *Nelson,* Ohio Slip Opinion No. 2020-Ohio-3690, __ N.E.3d __, at ¶ 26.

{¶ 23} Upon review, we conclude that the trial court's determination that Eastman's violations of the conditions of his community control were nontechnical was supported by the record, and Eastman fails to identify any evidence to the contrary. Accordingly, the 90-day prison sentence limitation established in R.C. 2929.15(B)(1)(c)(i) for prison terms resulting from a technical community control violation was not applicable to Eastman's sentence, and the trial court did not err when it sentenced him to 12 months in prison.

{¶ 24} Eastman's second assignment of error is overruled.

{¶ 25} Both of Eastman's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.


Copies sent to:

Andrew P. Pickering
V. Gayle Miller
Richard J. O'Neill