OPINION
{¶ 1} Defendant-appellant Ryan Cofer appeals from an order revoking his term of community control and imposing a prison sentence. Cofer contends that the trial court erred in its determination that he had violated the terms of his control, and that it abused its discretion by revoking the community control. *Page 2 
 {¶ 2} We conclude that the record contains substantial evidence that Cofer was in possession of sexually-oriented material in violation of the terms of his community control sentence. We further conclude that the trial court did not, based upon the evidence, abuse its discretion by revoking the control sentence and imposing a prison term. The order of the trial court is Affirmed.
 I {¶ 3} Cofer was designated a sex offender, or child-victim offender, due to a conviction for interstate sexual exploitation of a minor and mailing obscene matter. As a result, Cofer was required to register his address with the Sheriff's Department. In 2007, Cofer was charged with violating R.C. 2950.05(A) and (E)(1) by failing to provide written notice of his change of residence to the Montgomery County Sheriff's Department. Cofer pleaded guilty to that charge, and was sentenced to a community control sanction for a period of five years.
 {¶ 4} The Montgomery County Adult Probation Department assigned intensive probation officer Christopher Jantonio to supervise Cofer during the term of his community control sentence. The terms of Cofer's community control required him to abide by certain rules. Of relevance to this appeal, Rule 11 prohibited the possession of any sexually-oriented materials "including pornographic pictures, magazines, videotapes, DVD movies or sexual toys." Jantonio and Cofer reviewed all of these rules and Cofer acknowledged his understanding by signing the document setting forth the conditions and rules.
 {¶ 5} On February 26, 2008, Jantonio visited Cofer's residence. While there, *Page 3 
Jantonio found a Sports Illustrated Swimsuit Edition calendar, a Playboy magazine and a framed picture of a nude woman. Jantonio found another calendar with women dressed in swimsuits under a chair cushion. Jantonio also found thirteen 3 ½ -inch floppy disks between the mattress and box springs of Cofer's bed. Jantonio confiscated all of these items.
 {¶ 6} The next morning, Jantonio gave the disks to Joseph Pecquet, the Information Technology Services (ITS) manager for the Montgomery Common Pleas Court, general division. He instructed Pecquet to review the disks. Pecquet viewed the first disk in the pile and observed a thumbnail picture of a "preteen child standing naked." Pecquet closed the disk and returned all the disks to Jantonio.
 {¶ 7} The disks were given to the Kettering Police Department. Kettering Detective Edward Simoni and Officer Steve Driscoll viewed the disks. There were approximately twenty images contained on each disk. The images were of Cofer, both naked and clothed, women engaging in sexual acts with animals, and children, both naked and clothed. Some of the images were of children performing sex acts.
 {¶ 8} Based upon the content of the disks, the Playboy magazine and the framed magazine picture, Jantonio asked the trial court to revoke Cofer's community control sanction. A hearing was conducted, following which the trial court revoked the community control sanction and sentenced Cofer to twelve months in prison. Cofer appeals from this order.
 II {¶ 9} Cofer's sole assignment of error states: *Page 4 
 {¶ 10} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THAT THE COMMUNITY CONTROL PROVISIONS SHOULD BE TERMINATED AND APPELLANT SENTENCED TO PRISON."
 {¶ 11} Cofer contends that the trial court should not have sentenced him to a prison term. In support, he claims that the State failed to present evidence that he violated the terms of his community control sanction. Specifically, he notes that the trial court did not view the Playboy magazine or the framed picture of a nude woman. He further notes that the actual computer disks were not placed into evidence. Finally, he argues that none of the materials confiscated are of a "sexually oriented" nature.
 {¶ 12} A community control revocation hearing is not a criminal trial.State v. Hylton (1991), 75 Ohio App. 3d 778, 781. Thus, the State does not have to demonstrate a violation with proof beyond a reasonable doubt. Id. at 782. The State need only present substantial evidence of a violation of the terms of a defendant's community control. Id.
 {¶ 13} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." State v. Brown, Montgomery App. No. 22467, 2008-Ohio-4920, ¶ 9, quoting State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7. Thus, we review the trial court's decision revoking community control sanctions on an abuse-of-discretion standard. Id. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. Id.
 {¶ 14} In this case, there was uncontroverted evidence that Jantonio confiscated thirteen computer disks from underneath Cofer's mattress. There is also competent, *Page 5 
credible evidence that the disks obtained from Cofer's home were viewed by Kettering Police detectives, who observed that the disks contained pictures of nude children engaging in sexual activity. Although the actual disks were not put in evidence, a computer program was used to print photographic copies of the actual disks, as well as the images contained thereon. Finally, the evidence shows that these pictures were admitted in evidence before the trial court.[1] There is competent evidence that the pictures presented to the court are true and accurate copies of the pictures contained on the disks. Whether the photographs stored on the disks fairly and accurately depict what they represent is not, of course, an issue in this case. If they qualify as sexually-oriented material, Cofer's possession of them was in violation of the terms of his community control sanction, regardless of whether they are genuine or doctored.
 {¶ 15} We need not address the Playboy magazine or the framed picture of a nude woman. We have reviewed the images downloaded from the disks. Without a doubt, the photographs contained thereon are sexually-oriented. There are numerous pictures of nude children posing provocatively, including pictures of children engaging in sexual activity. Many of the children appear to be pre-teen. The children are clearly young. Additionally, there are pictures of adults engaged in sexual activity, as well as pictures of women engaged in oral sex with animals.
 {¶ 16} We conclude that there is substantial evidence demonstrating that Cofer was in possession of pornographic, sexually-oriented material during the term of his *Page 6 
community control, in direct contravention of Rule 11 of the conditions of his community control. In view of this evidence, we find no abuse of discretion in the trial court's decision to revoke Cofer's community control and to sentence him to a prison term of one year.
 {¶ 17} Cofer's sole assignment of error is overruled.
 III {¶ 18} Cofer's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Mathias H. Heck, Jr.
Kirsten A. Brandt
Jon Paul Rion
Hon. Barbara P. Gorman
[1] The record indicates that the disks were in the custody of the Federal Bureau of Investigation at the time of the hearing. *Page 1