[Cite as *State v. Klosterman*, 2016-Ohio-232.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS.   2015-CA-9 |
| | : | 2015-CA-10 |
| v. | : | |
| | : | T.C. NOS. 12CR122, 12CR168, |
| BRIAN K. KLOSTERMAN | : | 14CR304 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___22nd___ day of ____January____, 2016.

. . . . . . . . . .

R. KELLY ORMSBY, III, Atty. Reg. No. 0020615, Prosecuting Attorney and DEBORAH S. QUIGLEY, Atty. Reg. No. 0055455, Assistant Prosecuting Attorney, Darke County Courthouse, 504 S. Broadway Street, Greenville, Ohio 45331
　　　Attorneys for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. No. 0081882, P. O. Box 302, Xenia, Ohio 45385
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Brian K. Klosterman appeals from his conviction in Darke C.P. No. 14-CR-304 and the revocation of his community control in Darke C.P. Nos. 12-CR-122 and 12-CR-168.    He claims that the trial court erred in revoking his community control, because

he did not knowingly, intelligently, and voluntarily waive his right to a probable cause hearing and an evidentiary hearing. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On November 21, 2012, Klosterman was convicted on his guilty pleas to possession of a Schedule IV drug, in violation of R.C. 2925.11(C)(2)(a), a felony of the fifth degree (Case No. 12-CR-122), and to burglary, a felony of the second degree (Case No. 12-CR-168). The trial court sentenced Klosterman to community control in both cases. The judgment entry indicated that a violation of community control could lead to incarceration of nine months in Case No. 12-CR-122 and four years in Case No. 12-CR-168, to be served consecutively.

{¶ 3} As part of his community control sanctions, Klosterman participated in and successfully completed the MonDay Community Correctional Institution program. On April 22, 2013, he was discharged from MonDay and released to the supervision of Darke County Adult Probation.

{¶ 4} On September 17, 2013, a probation officer filed an affidavit with the court, stating that that Klosterman had violated the terms of his community control by (1) failing to report as ordered since August 5, 2013, (2) failing to abstain from the use of alcohol and/or illegal drugs, and (3) failing to make monthly payments toward his financial obligations. Klosterman admitted the violations, and on October 25, 2013, the trial court reimposed community control sanctions.

{¶ 5} On February 13, 2015, Klosterman's probation officer filed an affidavit alleging new violations of Klosterman's community control. The affidavit alleged that Klosterman had (1) failed to successfully complete treatment recommendations by

Recovery & Wellness Centers of Midwest Ohio, (2) failed to abstain from the use of alcohol/illegal drugs, (3) failed to make monthly payments toward his financial obligations, (4) violated laws, and (5) failed to seek employment. With respect to violating laws, the probation officer elaborated that on December 22, 2014, Klosterman had pled guilty in Darke County Municipal Court to unauthorized use of a motor vehicle, and on December 19, 2014, he was indicted on two counts of trafficking in drugs in Darke County (Case No. 14-CR-304).

{¶ 6} On March 16, 2015, Klosterman pled guilty to one count of trafficking in drugs in Case No. 14-CR-304 and admitted to violating the conditions of his community control in Case Nos. 12-CR-122 and 12-CR-168. The plea agreement indicated that the following promises had been made as part of the plea:

The State shall move to dismiss Count 2 of the pending indictment. On Count 1, the State shall recommend credit for local jail time already served, no additional jail time, restitution of $250, and court costs. On the violations of community control, the State shall recommend prison sanctions, with credit for time already served.

The Defendant shall plead guilty to Count 1, he shall admit violating the terms of community control in the other two cases, and he shall be free to argue the appropriate sentence, except that he agrees that he must pay restitution of $250 and the court costs in the new case.

{¶ 7} At the plea hearing, the prosecutor informed the court of the terms of the plea agreement. Defense counsel reiterated that, under the plea agreement, the State would dismiss Count 2 of the pending indictment, Klosterman would plead guilty to Count 1, and

both parties were jointly recommending that Klosterman receive jail time in the amount of time already served, restitution of $250, and court costs. Counsel further stated, "And it's my understanding that he's also prepared to waive the right to a probable cause hearing and go ahead and enter admissions to the probation violations on 12CR00168 and 12CR00122." Upon inquiry from the trial court, Klosterman stated that it "all made sense" and that he did not have any questions.

{¶ 8} The trial court proceeded to take Klosterman's plea regarding the new drug trafficking charge and the community control violations. As part of his guilty plea to trafficking in drugs, the trial court informed Klosterman, among other things, that, if he pled guilty, "there's no trial so the State does not call witnesses to prove its case beyond a reasonable doubt. No public trial in a timely manner. No judge or jury to make the decision. The State doesn't call witnesses. No cross-examination, you don't call witnesses, no subpoenas to get people to your defense. You don't testify or use the right to remain silent." Klosterman indicated that he understood.

{¶ 9} With respect to the community control violations, the trial court informed Klosterman of the alleged violations and of the maximum time he faced for those violations, i.e., an aggregate sentence of four years and nine months. The court told Klosterman that he would receive credit for 283 days, consisting of 160 days for time served in jail and 123 days for time at MonDay. Klosterman stated that he understood each of these.

{¶ 10} The trial court further informed Klosterman that, if he admitted to the violations, he would waive all of his hearing rights, which the trial court stated were "similar to trial rights except for the jury option and the burden of proof is not beyond a reasonable

doubt." The court further stated that Klosterman would be "giving up [his] right to have witnesses called, to call [his] own witnesses, to cross-examination. You're not presumed in compliance if you admit." Klosterman again indicated that he understood.

{¶ 11} Near the conclusion of the plea colloquy, the trial court asked Klosterman, "And the probation violation cases, you're aware of the allegations. You understand the facts and the meaning of an admission, correct? * * * On all these cases you're aware of individual and collective consequences, penalties, right?" Klosterman responded affirmatively to both questions. Klosterman stated that he was knowingly, intelligently, and voluntarily waiving his rights and entering his admission. He then admitted to violating his community control sanctions. The trial court accepted Klosterman's admission and found that he had violated his community control.

{¶ 12} The trial court sentenced Klosterman immediately after the guilty plea and admission. After hearing from the prosecutor, defense counsel, and Klosterman, the trial court imposed four years in prison for the violation of community control in Case No. 12-CR-168 (burglary), with credit for 283 days previously served in the Darke County Jail and MonDay program. The court ordered him to pay court costs and other costs of prosecution in that case. In Case No. 12-CR-122 (possession of drugs), Klosterman was ordered to pay court costs; no prison term was imposed. As to Klosterman's new conviction in Case No. 14-CR-304 (trafficking in drugs), the trial court sentenced Klosterman to 112 days in jail, with credit for 112 days already served, and court costs.

{¶ 13} Klosterman appeals from the trial court's judgments in Case Nos. 12-CR-122, 12-CR-168, and 14-CR-304. In his sole assignment of error, he claims that the trial court erred in revoking his community control without first advising him of his right to a

probable cause hearing and an evidentiary hearing.

{¶ 14} "A defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶ 6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972). First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Blakeman*, 2d Dist. Montgomery No. 18983, 2002-Ohio-2153. Second, due process requires a final hearing to determine whether probation should be revoked. *Id.*

{¶ 15} "At the final revocation hearing, the State must (1) provide the probationer with written notice of the alleged violations of probation; (2) disclose the evidence against him; (3) give the probationer an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow him to confront and cross-examine adverse witnesses; (5) afford him a neutral and detached hearing body; and, (6) provide the probationer with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation." *State v. Gilreath*, 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, * 2 (July 7, 2000). The failure to object to a due process violation during a community control revocation hearing waives all but plain error.

{¶ 16} Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt. *State v. Cofer*, 2d Dist.

Montgomery No. 22798, 2009-Ohio-890, ¶ 12. "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id.*

**{¶ 17}** Under the circumstances before us, there was no due process violation. Both the prosecutor and defense counsel informed the court at the beginning of the plea hearing that a plea agreement had been reached and that, as part of the plea, Klosterman would be admitting to a violation of his community control in Case Nos. 12-CR-122 and 12-CR-168. Klosterman indicated that he understood and was not surprised by what counsel had said regarding the plea agreement. During the hearing, the trial court informed Klosterman of the alleged community control violations and of the maximum penalty he faced if he were found to have committed the violations. The court also informed him that he would be waiving his right to an evidentiary hearing on the allegations, including the specific rights that he would have had at such a hearing. The record reflects that Klosterman knowingly, intelligently, and voluntarily waived the hearing.

**{¶ 18}** Finally, Klosterman was granted an opportunity to be heard on whether the community control violations warranted revocation of his community control. The plea agreement provided that Klosterman was free to argue the appropriate sentence, and defense counsel recommended that Klosterman receive nine months for Case No. 12-CR-122 and two years (rather than the possible four years) for Case No. 12-CR-168, to be served consecutively, with credit for time already served. Defense counsel indicated that, with such a sentence, Klosterman would serve approximately two years in prison. Upon inquiry from the court, Klosterman declined to speak on his own behalf.

**{¶ 19}** We therefore find no error in the trial court's revocation of Klosterman's

community control.   Klosterman's assignment of error is overruled.

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

R. Kelly Ormsby, III
Deborah S. Quigley
Adrian King
Hon. Jonathan P. Hein