[Cite as *State v. Satterwhite*, 2017-Ohio-223.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27125 |
| | : | |
| v. | : | T.C. NO. 14CR1471 |
| | : | |
| ARNOLD SATTERWHITE | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____20th____ day of _____January_____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 2000 Liberty Tower, 120 W. Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1}  Counsel for Arnold Satterwhite has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel asserts that "there are no issues of merit upon which to base his Appeal."  This Court notified Satterwhite of his counsel's submission and provided him an opportunity to file a pro se brief.  None has been received. We hereby affirm the judgment of the trial court.

**{¶ 2}** Appellate counsel's brief is addressed to the trial court's April 29, 2016 revocation of Satterwhite's community control sanctions and imposition of a nine-month prison sentence. The community control sanctions were granted on September 30, 2014, after Satterwhite pled no contest to one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the fifth degree.[1]

**{¶ 3}** Satterwhite was indicted on August 1, 2014 on one count of possession of heroin and one count of possession of cocaine. Satterwhite entered a plea of not guilty on August 14, 2014, and he filed a motion to suppress on August 25, 2014. On August 25, 2014, Satterwhite filed a "Motion to Preserve Evidence." On September 5, 2014, Satterwhite entered his no contest plea in exchange for the dismissal of the possession of cocaine charge, and he withdrew his pending motions. The trial court sentenced Satterwhite to the following twelve community control sanctions for a period of five years:

1. Defendant's compliance with the General Conditions of this court for probationers;

2. A term of Intensive probation supervision for a period not to exceed five years;

3. A requirement that the offender receives a drug and alcohol assessment within 30 days of disposition and completes treatment as recommended by that agency, the Court, or the Division of Criminal Justice Services;

---

[1] We note that Satterwhite's plea form and his September 30, 2014 Judgment Entry of Conviction reflect that he pled no contest to the possession offense, while his April 29, 2016 Judgment Entry of Conviction imposing the nine-month sentence reflects that Satterwhite pled guilty to possession of heroin.

4. A requirement that the offender establishes contact with the Community Employment Class through Goodwill Easter Seals and complies with any recommendations made by that agency;

5. A requirement that the offender complies with the Montgomery County Support Enforcement Agency in SETS# 7005331967;

6. A requirement that the offender takes all medications as prescribed;

7. A requirement that the offender verifies all prescription medications;

8. A requirement [that] the offender abide by all conditions of supervision set forth by the Adult Parole Authority (C#2008-CR-02114) and the United States District Court Probation Department (C#3:04-CR-01883);

9. A requirement that the offender not be in any building, structure, room, vehicle or place when you know or have reasonable cause to know that illegal drugs, stolen property or any firearms are present;

10. A requirement that the offender abstains from use of illegal drugs, drugs of abuse, and alcohol;

11. A requirement that the offender complete 50 hours of community service work;

12. A requirement that the offender obtain and maintain full time verifiable employment or submit at least 15 employment applications weekly and verify with [the] court until gainful employment is obtained.

**{¶ 4}** On June 23, 2015, Satterwhite appeared as ordered at a preliminary hearing

to admit or deny the following violations as reflected on the notice of the hearing: "On June 18, 2015, you failed to attend the Community Initiative to Reduce Gun Violence meeting at the U.S. Federal Building and you have failed to complete 50 hours of community service work." The hearing officer recommended that Satterwhite "be continued on supervision with the added sanction of completing Victim of Violence and the Drug Impact Panel."

{¶ 5} On April 8, 2016, a "Notice of CCS Revocation Hearing and Order" was issued. It reflected that Satterwhite violated his community control sanctions by failing to maintain employment, failing to abstain from controlled substances or drugs of abuse, failing to comply with treatment services, failing to complete community service, failing to verify child support payments, and failing to attend, on four occasions, the Drug Impact Panel and the Victim of Violence Panel.

{¶ 6} A revocation hearing was held on April 29, 2016. Brandon Hayes testified that he is employed by the Montgomery County Adult Probation Department, and that he was assigned to supervise Satterwhite on September 30, 2014, as a result of his conviction for heroin possession. Hayes testified that Satterwhite lost his job at Labor Works and then failed to provide proper verification of employment thereafter. He stated that Satterwhite tested positive for benzodiazepine in a random urinalysis, and that while Satterwhite advised that the result was due to prescription medication for a knee injury, he failed to verify the prescription. Hayes stated that Satterwhite was assigned additional classes after the preliminary hearing, and that he failed to attend them. Based upon Satterwhite's lack of effort, Hayes recommended sentencing.

{¶ 7} Satterwhite testified that he lost his job due to a heart attack. He stated that

he attended the Goodwill Easter Seals program three times but did not provide proof of his attendance to Hayes. Satterwhite acknowledged that he was not current on his child support obligation but asserted that he intended to file his taxes to provide his refund. He stated that he tested positive for benzodiazepine due to his medication for gout, and that he showed Hayes a list that he prepared of his medications. Satterwhite testified that he did not attend the Drug Impact Panel because "Monica," his counselor, told him in the presence of Hayes that he did not have to attend the Drug Impact Panel, and that he did not attend the Victims of Domestic Violence Panel "because I took all that medication." We note that at the conclusion of the hearing, the court indicated that it found Hayes' testimony to be credible, and Satterwhite's testimony not to be credible.

{¶ 8} Counsel for Satterwhite asserts the following potential assignment of error.

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THERE WAS SUBSTANTIAL PROOF THAT APPELLANT VIOLATED THE TERMS OF HIS COMMUNITY CONTROL SANCTION.

{¶ 9} Crim.R. 32.3(A) provides: "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed." As this Court has previously noted:

A community control revocation hearing is not a criminal trial. *State v. Hylton* (1991), 75 Ohio App.3d 778, 781, 600 N.E.2d 821. Thus, the State does not have to demonstrate a violation with proof beyond a reasonable doubt. *Id.* at 782, 600 N.E.2d 821. The State need only present substantial evidence of a violation of the terms of a defendant's community control. *Id.*

"The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Brown*, Montgomery App. No. 22467, 2008-Ohio-4920, ¶ 9, quoting *State v. Schlecht*, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7. Thus, we review the trial court's decision revoking community control sanctions on an abuse-of-discretion standard. *Id.* An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Id.*

*State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12-13.

{¶ 10} We note that Satterwhite has completed his prison sentence and is currently under the supervision of the Adult Parole Authority for a period of three years. Based upon the testimony of Hayes above, which the trial court specifically credited, we conclude that an abuse of discretion is not demonstrated. In other words, the State presented substantial proof that Satterwhite violated the conditions of his community control sanctions by failing to verify employment, testing positive for benzodiazepine without verifying any prescription, and failing to attend classes as assigned. Satterwhite acknowledged that he was not current in his child support obligation. Accordingly, the trial court properly revoked his community control sanctions; appellate counsel's potential assignment of error has no arguable merit.

{¶ 11} In addition to the potential error raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Since Satterwhite's appeal is without merit, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Andrew T. French
Daniel E. Brinkman
Arnold Satterwhite
Hon. Mary Katherine Huffman