[Cite as *State v. Tate*, 2022-Ohio-2059.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29301 |
| | : | |
| v. | : | Trial Court Case Nos. 2020-CR-177 |
| | : | 2020-CR-2589 |
| LATRE TATE | : | 2021-CR-2172/1 |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TRAVIS KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Latre Tate appeals from his conviction for unauthorized use of a motor vehicle in violation of R.C. 2913.03(A), a misdemeanor of the first degree, in Montgomery C.P. No. 2021-CR-2172/1. Tate also appeals from the trial court's judgments that he had violated the terms of his community control in Montgomery C.P. Nos. 2020-CR-2589 and 2020-CR-177 by being convicted of a new offense in Case No. 2021-CR-2172/1; the trial court revoked his community control in those cases and imposed a sentence of 18 months in each case, to be served concurrently with each other and with the sentence in Case No. 2021-CR-2172/1.

{¶ 2} Tate's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal, and he asks permission to withdraw as counsel. Counsel has identified three potential assignments of error: 1) whether the trial court complied with Crim.R. 11 when it accepted Tate's guilty plea; 2) whether the trial court properly found that Tate had violated the terms of his probation; and 3) whether the trial court erred by sentencing Tate to 18 months in prison. On March 21, 2022, we notified Tate that his counsel had found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. Tate has not filed a brief.

**Procedural History**

{¶ 3} On September 23, 2020, Tate entered guilty pleas to one count of possession

of cocaine in violation of R.C. 2925.11(A), felonies of the fourth degree, in each of two cases: Case Nos. 2020-CR-2589 and 2020-CR-177.  On October 20, 2020, the trial court sentenced Tate to community control in both of those cases.

{¶ 4} On June 25, 2021, Tate was arrested for unauthorized use of a motor vehicle. On July 6, 2021, the State filed a notice of revocation of Tate's community control in Case Nos. 2020-CR-2589 and 2020-CR-177 based on that arrest.  On July 9, 2021, Tate was indicted in Case No. 2021-CR-2172/1 for one count of robbery (use of force), one count of burglary, one count of trespass in a habitation, and one count of possession of cocaine; all of these charges stemmed from Tate's arrest on June 25, 2021.  At his arraignment on July 13, 2021, Tate stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 5} On October 1, 2021, Tate pled guilty to one count of unauthorized use of a vehicle, a misdemeanor of the first degree, by way of bill of information, in exchange for the dismissal of the four felony counts in Case No. 2021-CR-2172/1.  On October 20, 2021, Tate admitted to violating the terms of his community control in Case Nos. 2020-CR-2589 and 2020-CR-177; he was sentenced to 18 months in prison in each case, with the sentences to run concurrently to one another.  On the same day, the trial court sentenced Tate to 180 days in jail in Case No. 2021-CR-2172/1, to be served concurrently with the sentences imposed in the other cases, for an aggregate sentences of 18 months in prison.

{¶ 6} Tate now appeals.

**Analysis**

{¶ 7} Under *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, we must conduct an independent review to determine whether Tate's appeal is wholly frivolous. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} Because they are interrelated, we will discuss the first and third potentially meritorious assignments of error raised by counsel together:

WHETHER THE TRIAL COURT COMPLIED WITH ALL REQUIRED ELEMENTS OF OHIO RULES OF CRIMINAL PROCEDURE RULE 11.

WHETHER THE TRIAL COURT ERRED IN IMPOSING A SENTENCE OF 18 MONTHS.

{¶ 9} As set forth above, appointed appellate counsel questions whether the trial court complied with Crim.R. 11 in accepting Tate's guilty plea in Case No. 2021-CR-2172/1 and whether it erred in imposing an aggregate 18-month prison sentence. Upon review, we find that both issues lack arguable merit. The record reflects that the trial court fully complied with the requirements of Crim.R. 11(E) and that Tate entered his guilty plea knowingly, intelligently, and voluntarily.

{¶ 10} With regard to Tate's sentence, appellate review is governed by R.C. 2953.08(G)(2). Under that statute, we may vacate or modify a sentence only if the record does not support findings made under certain enumerated statutes or if the sentence is contrary to law. Here, none of the statutes mentioned in R.C. 2953.08(G)(2) apply. In addition, Tate's 18-month sentence was not contrary to law because it fell within the statutory range for a community control sanction violation for felonies of the fourth degree; the 180-day misdemeanor sentence concurrent thereto also comported with the law. The trial court also considered the principles and purposes of sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. We note too that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 11} Tate's first and third potentially meritorious assignments of error are meritless.

{¶ 12} Tate's second potentially meritorious assignment of error is:

WHETHER THE TRIAL COURT PROPERLY FOUND A VIOLATION

OF PROBATION WAS COMMITTED AND IMPOSED A SANCTION.

{¶ 13} Here, Tate questions whether the trial court properly found that he had violated the terms of his community control in Case Nos. 2020-CR-2589 and 2020-CR-177.

{¶ 14} "The right to continue on community control depends upon compliance with

community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11; *State v. Ireland*, 2d Dist. Champaign No. 2015-CA-12, 2016-Ohio-1421, ¶ 11.

{¶ 15} "A defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶ 6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that he or she has violated the terms of his or her community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *State v. Blakeman*, 2d Dist. Montgomery No. 18983, 2002-Ohio-2153. Second, due process requires a final hearing to determine whether community control should be revoked. *Id.*

{¶ 16} "At the final revocation hearing, the State must (1) provide the [defendant] with written notice of the alleged violations of [community control]; (2) disclose the evidence against him; (3) give the [defendant] an opportunity to be heard in person and to present witnesses and documentary evidence; (4) allow him to confront and cross-examine adverse witnesses; (5) afford him a neutral and detached hearing body; and, (6) provide the [defendant] with a written statement by the fact finder as to the evidence relied

upon and the reasons for revoking [community control]." *State v. Gilreath*, 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, * 2 (July 7, 2000); *see also State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9 and 2015-CA-10, 2016-Ohio-232, ¶ 15. The failure to object to a due process violation during a community control revocation hearing waives all but plain error. *Klosterman* at ¶ 15.

{¶ 17} Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt. *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12. "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id.*

{¶ 18} In Tate's case, the record establishes that Tate admitted to violating the terms of his community control in Case Nos. 2020-CR-2589 and 2020-CR-177, and the trial court imposed a sanction of 18 months in prison based upon his admissions. The record also reflects that Tate was afforded all of his due process protections before the trial court revoked his community control and sentenced him accordingly. Upon review, we conclude that no potentially meritorious issues exist with respect to the trial court's decision to revoke Tate's community control and impose sentence.

{¶ 19} The second potentially meritorious assignment of error is meritless.

{¶ 20} We have performed our duty to independently conduct a thorough and complete examination of all the proceedings to determine whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review included scrutiny of the entire record, including the docketed filings, the plea and sentencing hearing

transcripts, and the presentence investigation report. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit.

## Conclusion

{¶ 21} Our independent review of the record reveals no non-frivolous issues for appeal. We agree with appellate counsel that Tate's appeal is frivolous. We grant counsel's request to withdraw from representation. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Travis Kane
Latre Tate
Hon. Mary Katherine Huffman