[Cite as *State v. Hambidge*, 2025-Ohio-1944.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-54 |
| | : | |
| v. | : | Trial Court Case No. 2022-CR-0121 |
| | : | |
| OLIVIA K. HAMBIDGE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 30, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
_____
MICHAEL L. TUCKER, JUDGE

[[Applied Signature 2]]
_____
RONALD C. LEWIS, JUDGE

[[Applied Signature 3]]
_____
MARY K. HUFFMAN, JUDGE

**OPINION**
GREENE C.A. No. 2024-CA-54

COLIN P. COCHRAN, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HUFFMAN, J.

**{¶ 1}** Defendant-Appellant Olivia K. Hambidge appeals from a judgment of the Greene County Court of Common Pleas, which revoked her community control sanctions and imposed the remainder of her prison sentence. She contends that the trial court's decision to revoke her community control sanctions was against the manifest weight of the evidence because the witnesses who testified at her revocation hearing lacked first-hand knowledge of her behavior at the treatment program, which led to her discharge. She also argues that the trial court's decision to revoke her community control was in violation of her constitutional right to due process, because she was never informed of the treatment program's code of conduct or the program completion requirement as a condition of her community control. Finally, she asserts that she received ineffective assistance of counsel because her trial counsel did not inform her of the conditions of her community control and did not call a witness from the treatment program to testify at her revocation hearing. We conclude that these arguments are without merit, and we affirm the judgment of the trial court.

## I.      Background Facts and Procedural History

{¶ 2} In March 2022, Hambidge was charged with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), a felony of the second degree. Pursuant to a plea agreement, in October 2023 she pleaded guilty to attempted aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1) and R.C. 2923.02(A), a felony of the third degree. In November 2023, the trial court sentenced her to 36 months in the Ohio Reformatory for Women.

{¶ 3} In May 2024, Hambidge was granted judicial release and ordered to community control sanctions with a condition that she complete a six-month, jail-based program called Greene Leaf Therapeutic Program and Aftercare Program ("Greene Leaf"). At that time, the trial court advised her that she would be returned to prison for the remainder of her 36-month term if she failed to complete the terms of her community control.

{¶ 4} In July 2024, the Greene County Adult Probation Department filed a motion alleging that Hambidge had been unsuccessfully discharged from Greene Leaf and seeking the revocation of her community control sanctions. The matter proceeded to a revocation hearing.

{¶ 5} Officer Taylor Fry, Hambidge's probation officer, testified at the revocation hearing. According to Fry, in order for Hambidge to remain on community control, she had to fulfill 21 conditions, including completion of the Greene Leaf treatment program (condition 19). Fry had discussed the treatment completion requirement with Hambidge, but he later received an email from Erin Gribben of Greene Leaf advising him that Hambidge had been discharged from the program because she had been disrespectful to staff and made physical threats to other inmates. Fry then sought to revoke Hambidge's community control sanctions for failure to comply with condition 19.

{¶ 6} Gribben, Greene Leaf's clinical coordinator, testified that those admitted to the program, like Hambidge, were advised of Greene Leaf's code of conduct and were expected to abide by it. Those conduct rules were outlined in a digital form, and individuals entering the program, including Hambidge, were asked to sign the form, agreeing to the terms and acknowledging their understanding. If an individual failed to behave according to the code, she was given a verbal warning and was potentially subject to administrative discharge for cause. If discharged, the individual was removed from Greene Leaf and returned to the general jail population.

{¶ 7} According to Gribben, she was notified that Hambidge had been disrespecting jail staff and making violent threats against both the staff and other members of Greene Leaf. Hambidge was name-calling and threatening to engage in physical alterations with program clients. She was verbally warned by Greene Leaf counselors about their concerns regarding her general behavior and was advised that, if she continued her behavior, she would be removed from Greene Leaf for cause. Hambidge apparently continued making threats. Taking threats of violence seriously and considering the safest solution for all involved, Gribben determined that Hambidge's actions constituted violations of Greene Leaf's code of conduct and decided to discharge her from the program. She was returned to the general jail population.

{¶ 8} Hambidge also testified at the hearing. She claimed that she had not been provided with the terms of her community control sanctions prior to entering Greene Leaf. However, she understood that she was expected to complete the Greene Leaf program as part of her community control sanctions and had been advised of Greene Leaf's rules of conduct. She stated that she never received her mental health medication during the program, which negatively affected her behavior. She also claimed that she was frustrated

while at Greene Leaf but never disrespected the jail staff or threatened anyone.

{¶ 9} At the conclusion of the hearing, the trial court revoked Hambidge's community control, finding that she had violated one of its conditions when she was discharged from Greene Leaf for failing to comply with its code of conduct. The court explained that Hambidge's completion in the Greene Leaf program was a condition of her community control sanctions, which required her to abide by Greene Leaf's rules, and that the program coordinator had the right to discharge Hambidge if her behavior caused concern about the safety of others. Hambidge was sentenced to finish the remainder of her 36-month prison sentence. This appeal followed.

## II. Assignments of Error

{¶ 10} In her first assignment of error, Hambidge claims that the trial court's decision to revoke her community control sanctions was against the manifest weight of the evidence. She contends that the State failed to show with specificity that she had violated the conditions of community control. She suggests that the witnesses who testified at her revocation hearing lacked first-hand knowledge regarding her behavior and only relied on statements from other Greene Leaf staff members. She therefore argues that the trial court's decision to revoke her community control was against the manifest weight of the evidence. We disagree.

{¶ 11} R.C. 2929.15(B) provides a trial court with three options if an offender violates a condition of community control: (a) a longer time under community control; (b) a more restrictive community control sanction; or (c) a prison term that does not exceed the prison term specified by the court at the offender's sentencing hearing. Generally, "[t]he right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court." (Citations omitted.) *State v.*

*Lewis,* 2010-Ohio-3652, ¶ 11, citing *State v. Jackson,* 2010-Ohio-2836, ¶ 56 (2d Dist.). "A trial court's choice of sanction under R.C. 2929.15(B), where the defendant has violated the conditions of community control, is subject to review on appeal under an abuse of discretion standard." (Citations omitted.) *Id.* at ¶ 15. "Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *Id.* at ¶ 11.

{¶ 12} At a final revocation hearing, a trial court must inform the defendant of the reasons for which community control is being revoked and provide an adequate record for review on appeal. *State v. Delaney*, 11 Ohio St. 3d 231, 235 (1984). "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *Lewis* at ¶ 12, citing *State v. Cofer,* 2009-Ohio-890, ¶ 12 (2d Dist.). "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id.*, citing *State v. Brandon,* 2010-Ohio-1902, ¶ 17 (2d Dist.). "A trial court's decision to revoke probation will not be reversed on appeal absent an abuse of discretion." *State v. Dinger*, 2005-Ohio-6942, ¶ 13 (7th Dist.), citing *State v. Scott*, 6 Ohio App.3d 39, 41 (2d Dist. 1982). As the trier of fact, a trial court "is in the best position to weigh the evidence and determine the credibility of the witnesses." *Id.*, citing *Kalain v. Smith*, 25 Ohio St.3d 157, 162 (1986).

{¶ 13} The issue here was whether Hambidge had violated the conditions of her community control sanctions, which required her to successfully complete the Greene Leaf program. Officer Fry and Erin Gribben testified at the revocation hearing that Hambidge did not successfully complete the program because she was administratively discharged due to her disrespectful and threatening behavior. Based on the evidence submitted at the hearing, the trial court found that she had not completed the program as required and thus had violated the terms of her community control sanctions.

{¶ 14} Although Hambidge argues that Officer Fry and Gribben lacked first-hand knowledge of the alleged behavior leading to her discharge, such testimony was not required for the trial court to conclude that Hambidge had violated her community control. Those witnesses were permitted to testify as to whether Hambidge had completed the program, and her community control sanctions were ultimately revoked not because she exhibited disrespectful and threatening behavior but because she failed to finish the program. *See State v. Tackett*, 2024-Ohio-1498, ¶ 14 (2d Dist.).

{¶ 15} The State was only required to present substantial evidence of a violation of the terms of Hambidge's community control, which it did. Hambidge's right to continue on community control depended upon her compliance with its conditions and was a matter within the sound discretion of the court. Upon our review of the record, we cannot say that the trial court abused its discretion in revoking her community control sanctions and reinstating her prison sentence or that the decision was against the manifest weight of the evidence. Hambidge's first assignment of error is overruled.

{¶ 16} In her second assignment of error, Hambidge claims the trial court's decision to revoke her community control sanctions was done in violation of her constitutional rights, particularly her right to due process. She asserts that she was not properly informed of the conditions of her community control or Greene Leaf's code of conduct. She claims that she never signed her probation conditions or was offered a behavior contract before being discharged from the program, and thus was deprived of due process. We disagree.

{¶ 17} Because a trial court's revocation of community control can result in a serious loss of liberty, "a probationer must be accorded due process at the revocation hearing." *State v. Bailey*, 2016-Ohio-494, ¶ 9 (8th Dist.), citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *see also State v. Griffon*, 2024-Ohio-5212, ¶ 12 (8th Dist.). In general, revocation of

community control implicates two due process requirements: (1) a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his community control; and (2) a final hearing to determine whether probation should be revoked. *State v. Blakeman*, 2002-Ohio-2153 (2d Dist.), citing *Gagnon*. "A court must comply with the following minimum due process requirements at a final revocation hearing: (1) deliver a written notice of the claimed probation violations (2) disclose to the probationer the evidence against him, (3) provide the probationer with the opportunity to be heard in person and to present witnesses as well as documentary evidence, (4) provide the probationer the right to confront and cross-examine witnesses, (5) provide the probationer with a neutral and detached hearing body, and (6) issue a written statement as to the evidence relied on and the reasons for revoking probation." *State v. Ohly,* 2006-Ohio-2353, ¶ 20 (2d Dist.), citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 34 (10th Dist. 1991), citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).

{¶ 18} "The failure to object to a due process violation during a community control revocation hearing waives all but plain error." *State v. Klosterman*, 2016-Ohio-232, ¶ 15 (2d Dist.). Under the Ohio Rules of Criminal Procedure, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *State v. Brill*, 2023-Ohio-404, ¶ 8 (3d Dist.), citing Crim.R. 52(B).

{¶ 19} "In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.' " *Id.*, citing *State v. Bowsher*, 2009-Ohio-6524, ¶ 12 (3d Dist.), quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Notice of plain error is taken 'only to "prevent a manifest miscarriage of justice." ' " (Citations omitted.) *Id.* Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial

rights." *Id.*, quoting *State v. Perry*, 2004-Ohio-297, ¶ 14. In other words, the defendant must show that, but for the error, the outcome would have been different. *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of syllabus.

{¶ 20} In this case, Hambidge never objected to a due process violation during her revocation hearing and does not dispute that she was properly afforded due process protections during the hearing. Instead, she argues that she was not informed of the conditions of her community control or of Greene Leaf's code of conduct, did not sign her community control conditions, and was not offered a behavior contract before being discharged from the Greene Leaf program. Upon our review of the record, however, we find that no plain error existed here.

{¶ 21} The trial court's admonition during Hambidge's judicial release hearing and the witness testimony at the revocation hearing demonstrated that Hambidge was advised regarding the requirement that she was to complete the Greene Leaf program as a condition of her community control. She was also provided with all the due process protections applicable to a revocation hearing; the trial court first decided based on the evidence that there was probable cause to believe that she had violated the terms of her community control, and then it concluded that her probation should be revoked. The trial court delivered a written notice of the claimed probation violation, disclosed the evidence against her, provided her with the opportunity to be heard in person and to present witnesses as well as documentary evidence, provided her with the right to confront and cross-examine witnesses, offered a neutral and detached hearing body, and issued a written statement as to the evidence relied on and the reasons for revoking her community control. Under these circumstances, we cannot say that the trial court committed an obvious error by revoking Hambidge's community control and that, but for that error, the outcome would have been

different. Her second assignment of error is overruled.

{¶ 22} In her third assignment of error, Hambidge claims that she received ineffective assistance of counsel during the revocation proceedings. She asserts that her trial counsel failed to properly inform her of her community control conditions and failed to present "Larry," a Greene Leaf staff member, as a key witness at her revocation hearing. She contends that Larry would have testified that she had not violated Greene Leaf's code of conduct, and thus she received ineffective assistance of counsel.

{¶ 23} We review alleged instances of ineffective assistance of trial counsel under the two-pronged analysis set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136 (1989). "Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance." *State v. Leonard*, 2017-Ohio-8421, ¶ 10 (2d Dist.), citing *Strickland* at 688. "To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the outcome of the case would have been different." (Citations omitted.) *Id.* at ¶ 11.

{¶ 24} *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Sneed*, 2002-Ohio-4768, ¶ 7, citing *Strickland* at 689 and 691. Additionally, "[m]ere speculation about the testimony of a witness that was not called at a revocation hearing is not adequate to support an argument that this evidence was both material and corroborative." *Dinger*, 2005-Ohio-6942, at ¶ 44 (7th Dist.).

{¶ 25} Under this standard, Hambidge must prove that her counsel's performance

was objectively unreasonable and that there was a "reasonable probability" that, but for counsel's unprofessional errors, the outcome of her revocation hearing would have been different. *See State v. Leyh*, 2022-Ohio-292, ¶ 18. On this record, however, Hambidge has shown neither of these things.

{¶ 26} First, while she asserts that her counsel failed to properly inform her of her community control conditions, the record indicates that she was advised regarding her mandatory completion of the Greene Leaf program. Additionally, her argument that "Larry" should have been called to testify rests upon mere speculation, as there is no evidence in the record to suggest what Larry's testimony may have been. "Such speculation is insufficient to establish ineffective assistance." *State v. Snowden*, 2019-Ohio-3006, ¶ 101 (2d Dist.), quoting *State v. Short*, 2011-Ohio-3641, ¶ 119, citing *State v. Perez*, 2009-Ohio-6179, ¶ 217. Moreover, even assuming arguendo that Larry would have testified that Hambidge had not violated Greene Leaf's code of conduct and should not have been discharged from the program, the fact remains that she *was* discharged from the program, which constituted the violation of her community control—no matter the reason. Therefore, we cannot say that she demonstrated that her counsel was ineffective or that she was prejudiced by her counsel's alleged deficiency. Her third assignment of error is overruled.

### III.    Conclusion

{¶ 27} Having overruled Hambidge's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.