[Cite as *State v. Rankin*, 2025-Ohio-4395.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30330 |
| Appellee | : | |
| | : | Trial Court Case No. 2020 CR 03284 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| JACQUELINE R. RANKIN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 19, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HANSEMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30330

MARY ADELINE R. LEWIS, Attorney for Appellant
SARAH H. CHANEY, Attorney for Appellee

TUCKER, J.

{¶ 1} Jacqueline R. Rankin appeals from the trial court's revocation of community control and imposition of an 18-month prison sentence for felony child endangering.

{¶ 2} Rankin contends that following her admission to violating community control by absconding, the trial court infringed on her due process rights by revoking community control without requiring the State to present evidence of the other violations alleged in her notice of community control revocation.

{¶ 3} We conclude that the trial court was not required to consider the other alleged violations after Rankin admitted one violation. The trial court also did not rely on the other alleged violations when revoking community control and imposing a prison sentence. Finding no due process violation, we affirm the trial court's judgment.

**I. Background**

{¶ 4} In November 2020, a grand jury indicted Rankin on two counts of felony child endangering. She later pled guilty to one count in exchange for dismissal of the other. The trial court accepted the plea and made a finding of guilt. On March 3, 2022, the trial court sentenced Rankin to community control sanctions. The terms of her community control included completing a residential treatment program. On March 24, 2022, the trial court declared Rankin an absconder, noting that her whereabouts were unknown, and issued a capias for her arrest. More than two years later, she was found and arrested.

**{¶ 5}** On December 13, 2024, a notice of community control revocation was filed alleging violations of rule numbers one, three, four, and five of the terms of her community control sanctions. A hearing on the notice followed on December 18, 2024, where Rankin waived a probable cause hearing and admitted to violating rule number five by absconding. *See* Tr. 9. The trial court accepted the admission and proceeded to revocation and sentencing without addressing the other three alleged violations. The trial court characterized Rankin's child endangering offense as "pretty egregious" and observed that she "really hasn't done anything as it pertains to—to court." It revoked community control and imposed an 18-month prison sentence. Tr. 10-12. This appeal followed.

## II. Analysis

**{¶ 6}** Rankin's assignment of error states:

**The Appellant's due process rights were violated when the Court failed to require the State to present evidence supporting violations of rules one, two, three, and four as the only admission by the Appellant was to a rule five violation.**

**{¶ 7}** Although Rankin admitted to violating community control rule number five, she points out that her other alleged violations were not addressed by the trial court. She asserts that the trial court violated due process by considering these other alleged violations when deciding to revoke community control and impose a prison term.[1]

**{¶ 8}** In support of her argument, Rankin notes that rule number five provided: "I shall report at such time and place as directed by my Probation Officer. If my Probation Officer is unavailable, I shall report to the Officer-of-the-Day, the Supervisor, the Manager, or

---

[1] In her assignment of error, Rankin contends she was accused of violating five community-control rules. The record reflects, however, that she allegedly violated four rules.

Director." Rankin stresses that other community control conditions required her to do more than simply "report" to her supervisor. She then cites the trial court's observation that she really had not "done anything as it pertains . . . to court." Rankin infers from this statement about her not doing "anything" that the trial court relied on the other alleged violations when deciding to revoke community control.

{¶ 9} In response, the State maintains that the other alleged violations were "effectively dismissed" after Rankin admitted violating rule five by absconding. If the other alleged violations had remained pending, the State reasons that the court's sentencing entry would not have been a final, appealable order. The State also argues that the trial court did not rely on the other alleged violations when deciding to revoke community control. Alternatively, the State insists that the trial court was entitled to consider the unaddressed alleged violations for purposes of sentencing.

{¶ 10} Upon review, we note that Rankin likely waived all but plain error by failing to object to the alleged due process violation during the hearing below. *State v. Klosterman*, 2016-Ohio-232, ¶ 15 (2d Dist.) ("The failure to object to a due process violation during a community control revocation hearing waives all but plain error."). We need not dwell on that issue, however, as we find no error in the revocation proceeding, plain or otherwise.

{¶ 11} The notice of community control revocation alleged that Rankin had violated rule one by being charged with misdemeanors in Dayton Municipal Court; had violated rule three by changing her address without notice; had violated rule four by failing to obtain, maintain, and verify employment; and had violated rule five by absconding, leaving the residential treatment program, and failing to report to the probation department.

{¶ 12} As noted above, Rankin admitted to violating the fifth rule. The record establishes that she spent only about five days at the residential facility before leaving

without permission and disappearing for well over two-and-a-half years. Against this backdrop, the trial court's statement that she had not "done anything" pertaining to court since being placed on community control seems to have been related to her status as an absconder, not to the other alleged violations. By absconding, Rankin in fact had not done anything for the court for almost three years. The trial court's remarks do not suggest that it relied on new misdemeanor charges, the lack of notice of an address change, or a lack of employment when it revoked community control and imposed a prison term. In light of this conclusion, we need not address the State's alternative argument about the trial court being entitled to consider the other alleged violations for purposes of sentencing.

{¶ 13} We also need not decide whether the other alleged violations were "effectively dismissed" or whether they remained "pending" when the trial court revoked community control based on Rankin's admission to violating rule five. Without citing any law, the State suggests in a footnote that unresolved alleged community control violations would deprive us of a final, appealable order. We disagree. At least one jurisdiction has recognized that a trial court need not address all alleged violations if a defendant admits a violation and the trial court believes the admission supports revocation. *State v. Hutchinson*, 2020 UT App 10, ¶ 32 ("Where a defendant admits to some (but not all) of the probation violation allegations against him, a district court may choose to act solely on the admitted violations.").

{¶ 14} The issue below was whether Rankin's community control should have been revoked based on her failure to comply with its conditions. She admitted to violating rule number five by absconding for years, and the trial court found the violation significant enough to warrant revocation. Given that determination, the trial court had no obligation to hear evidence on the other alleged violations in the revocation notice so it could ponder whether they too might warrant revocation. Alleged community control violations are not like counts

in a multi-count indictment. Pending charges in a criminal case will prevent a partial judgment of conviction from being final and appealable because each count has independent significance, and they all must be resolved to determine the entire action. *See*, *e.g.*, *State v. Craig*, 2020-Ohio-455, ¶ 15-17. Multiple community control violations, however, can result in only one revocation decision. Therefore, if a trial court elects to revoke community control based on an admitted violation, other alleged violations may be immaterial.

{¶ 15} The final order here was the trial court's December 19, 2024 judgment entry sentencing Rankin to 18 months in prison following revocation of community control. The fact that the revocation decision was predicated on just one of four alleged violations did not make the judgment non-final.

### III. Conclusion

{¶ 16} Rankin's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HANSEMAN, J., concur.